### UNITED STATES FIDELITY & GUARANTY CO. v. WENGER et al.

(District Court, D. Montana. January 10, 1913.)

No. 1,064.

INDEMNITY (§ 8*)—CONTRACT—SUBJECT-MATTER—SUBROGATION.

> Defendants became indemnitors of plaintiff surety company against liability as surety on the official bond of a county treasurer. Plaintiff also became surety to the county treasurer against defalcation by a deputy. Such deputy having converted county funds, plaintiff paid a judgment rendered therefor in favor of the county against plaintiff and the treasurer, and then sued defendants for indemnity. *Held* that, by virtue of plaintiff's relation to the deputy, the payment of the judgment constituted but a payment of plaintiff's own debt as surety for the deputy, not within defendants' indemnity contract, and that defendants were not bound to indemnify plaintiff and then sue plaintiff as subrogees of the county treasurer.

> [Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 10–15; Dec. Dig. § 8.*]

At Law. Action by the United States Fidelity & Guaranty Company, a corporation, against John Wenger and others. On demurrer to defendants' answer. Denied.

Gunn, Rasch & Hall, of Helena, Mont., for plaintiff.

W. H. Trippet, of Anaconda, Mont., H. G. Rodgers, of Dillon, Mont., and Rodgers & Rodgers, of Anaconda, Mont., for defendant Wenger.

Tolan & Gaines, of Missoula, Mont., for defendant T. J. McKenzie.

BOURQUIN, District Judge. Defendants, apparently by request of one Nadeau, became and are indemnitors of plaintiff, surety on the official bond of Nadeau, county treasurer. One Johnston was deputy treasurer, and plaintiff executed a fidelity or indemnity bond in his behalf to Nadeau. Johnston converted treasury funds, the county recovered judgment therefor against Nadeau and plaintiff, and plaintiff paid it. Plaintiff brings this action for indemnity. Defendants plead

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by way of defense that plaintiff is not entitled to recover by reason of its relation to Johnston. Plaintiff demurs.

Plaintiff contends that in any event defendants must indemnify it, and, as subrogees to it and Nadeau, might bring an action against Johnston and also plaintiff as indemnitor for Johnston.

Defendants contend that, when plaintiff paid as aforesaid, it only paid its own debt as indemnitor for Johnston, not within their contract of indemnity to plaintiff, that they may so defend herein, and are not driven to the circuity of action suggested by plaintiff. The case would appear to be novel in its facts, however it may be in reference to the law.

Contracts of indemnity in some respects are distinguishable from suretyship, but they are largely of like obligations and consequences. That of defendants approximates suretyship, wherein plaintiff is creditor of Nadeau, defendants are sureties for Nadeau, and Nadeau is debtor and principal therein. Both by contract and by operation of law, defendants possess the rights of sureties. When pursued by the creditor, the surety may interpose any defense that the principal can—stands in the shoes of the principal—if inherent to the debt and not merely personal to the principal. For the surety engages and can be held to pay only what the principal should pay, and when the latter is released or excused from or has a good defense to payment, so, likewise, the former. It is believed that a surety in a bond who undertakes to indemnify his principal for the defaults of others for whom the principal is responsible to the obligee, thereby in legal effect releases the principal from the liability to reimburse the surety for any payments the latter may have made to the obligee on account of defaults of the principal which are primarily such defaults of such others. Otherwise plaintiff is creditor of and debtor to Nadeau, and Nadeau likewise to plaintiff, arising out of the same contract and for the same transaction; plaintiff is creditor of and debtor to itself; plaintiff as surety would recover reimbursement from Nadeau, to the end that Nadeau could recover it from plaintiff as indemnitor; and plaintiff as surety, failing to recover reimbursement from Nadeau, could as subrogee to Nadeau's rights recover it from Johnston and itself as indemnitor. Such cross-demands must extinguish each other. No one can be debtor to or creditor of himself, nor maintain a suit against himself.

If plaintiff sued Nadeau for reimbursement, the latter could interpose as a release and defense plaintiff's contract of indemnity for Johnston. On the other hand, if Nadeau sued plaintiff as indemnitor for Johnston, plaintiff could defend that therefor it had necessarily reimbursed the ultimate party entitled thereto, the county, bailor of both Nadeau and Johnston and to which both were liable, which reimbursement inured to the benefit of Nadeau. The debt of Nadeau paid by plaintiff to the county was also the debt of Johnston which plaintiff was bound to pay Nadeau. The payment of the first was also a payment of the last. In both suggested actions the answers as aforesaid could be defenses and not necessarily set-offs or counterclaims. Hence, in this action at law, the defense is available to defendants, for

plaintiff, having released their principal, has released them. Any payment by them would be as volunteers and would subrogate them to no right to reimbursement from Nadeau only, they then standing in plaintiff's shoes, in that Nadeau owes plaintiff nothing.

Demurrer overruled.